UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ACEVES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:23-cv-02953-JAK-MRW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]** |

Before the Court is Plaintiff Francisco Aceves' ("Plaintiff") Motion to Remand (the "Motion"). (Mot. to Remand, Docket No. 11). On June 9, 2023, Defendant Subaru of America, Inc. ("Defendant" or "Subaru") filed its Opposition to Plaintiff's Motion. (Def.'s Opp'n, Docket No. 14). On August 7, 2023, Plaintiff filed its Reply. (Reply, Docket No. 17). This matter has been fully briefed.

No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for September 8, 2023, is **VACATED**, Defendant's request for leave to appear remotely for the

September 8, 2023, hearing is **DENIED** as moot (Docket No. 22), and the matter is taken off calendar.

For the reasons stated herein, the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND

On March 13, 2023, Plaintiff filed this action in Los Angeles Superior Court ("LASC") against Defendant Subaru and Does 1 through 10 ("DOES") (collectively, the "Defendants"). (Compl., Docket No. 1-1). Plaintiff alleges that he purchased a 2020 Subaru Impreza vehicle on August 27, 2020, that was manufactured and/or distributed by Defendant. (*Id.* ¶ 8). Defendant's Notice of Removal alleges that Plaintiff's purchase agreement, and multiple vehicle repair orders for the 2020 Subaru Impreza dated between October 2020 to March 2022 all list Plaintiff at the same California address. (Docket No. 1 ¶ 7). Defendant's Opposition submissions contain additional vehicle repair orders extending until December 2022 and a copy of Plaintiff's California driver's license obtained at the time of the execution of the purchase agreement, all with the same California address listed on the purchase agreement and repair orders. (Decl. of Daniel R. Villegas ("Villegas Decl."), Docket No. 14-1, Exhs. 1–10).

The Complaint alleges causes of action for breach of express and implied warranties under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act").

On April 19, 2023, Defendant filed a notice of removal, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Not. of Removal, Docket No. 1). Plaintiff now seeks to remand this matter to LASC. (Docket No. 11).

## II. LEGAL STANDARD

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and (2) the dispute is between "citizens of different States." "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III. DISCUSSION**

Plaintiff only challenges the single issue of whether Defendant established diversity of citizenship between the parties. (Docket No. 11 at 3). The Supreme Court has held that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Muñoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" of both the state in which it was incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). Further, "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias*, 936 F.3d at 922 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

Here, Plaintiff argues Defendant has failed to establish Plaintiff is domiciled in California as Defendant relies solely on the language of the Complaint, which states that Plaintiff is a "resident" but not a "citizen" of California. (Docket No. 11 at 6).

Plaintiff's argument is unavailing. Defendant's Notice of Removal alleges that, in addition to the Complaint, Plaintiff's purchase agreement and multiple vehicle repair orders for the 2020 Subaru Impreza dated between October 2020 to March 2022 all list Plaintiff at the same California address. (Docket No. 1 ¶ 7). Courts in this district have held a party may rely on an address listed in a purchase agreement and repair order to meet its burden of establishing an individual's citizenship. *See e.g., Ghebrendrias v. FCA US LLC*, Case No. 2:21-cv-06492-VAP (PDx), 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (finding citizenship where purchase agreement and repair order listed a California address, and plaintiffs did not deny they were citizens of California); *El-Said v. BMW of N. Am.*, LLC, Case No. 8:19-cv-02426-JLS (JDEx), 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (finding citizenship where purchase agreement listed a California address and plaintiff did not deny he was a citizen of California). Moreover, Defendant's Opposition submissions contain additional vehicle repair orders extending until December 2022 and a copy of Plaintiff's California driver's license obtained at the time of the execution of the purchase agreement, all with the same California address listed on the purchase agreement and repair orders. (Villegas Decl., Docket No. 14-1, Exhs. 1–10).

Given the purchase agreement, repair orders, and Plaintiff's driver's license, Defendant has shown by a preponderance of the evidence that Plaintiff has been a resident of California since at least 2020—the date of the purchase of the vehicle. Plaintiff cannot artfully plead around these facts, as this unrebutted evidence supports a finding of California citizenship.[1] *See El-Said*, 2020 WL 1187171, at *3;

---

[1] Notably, at no point does Plaintiff contend that he is *not* a citizen of California or otherwise contest Defendant's allegations in the Notice of Removal. Rather, Plaintiff argues that Defendant's allegations are insufficient on their face to satisfy diversity of citizenship. At this stage, the Court must take all of Defendant's allegations as true. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("Only upon a factual attack does a plaintiff have an affirmative obligation to support jurisdictional allegations with proof.") (citing *Liete*, 749 F.3d at 1121).

*Ghebrendrias*, 2021 WL 5003352, at *3.  Accordingly, the court is satisfied that Defendant has shown complete diversity of citizenship exists.

### IV.  CONCLUSION

The Court finds that Defendant has shown by a preponderance of the evidence that the parties are of diverse citizenship and jurisdiction is proper under 28 U.S.C. § 1332.  For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated:  September 7, 2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE